# STANDING ORDER GOVERNING FINAL PRETRIAL CONFERENCE

It is **ORDERED** that the following requirements shall prevail for Fed.R.Civ.P. 16(d) Final Pretrial Conferences set before the Honorable Callie V. S. Granade:

1. Counsel shall confer and shall jointly prepare a single Joint Pretrial Document in the form attached, which must be filed with the Clerk of Court at least seven (7) calendar days before the Final Pretrial Conference. "Joint preparation" entails that counsel affirmatively and in good faith attempt to reach agreement on each of the matters required by this Standing Order to be addressed in the Joint Pretrial Document. Matters of good-faith disagreement should be so noted in the Joint Pretrial Document, and should be accompanied by a statement as to whether any specific rulings by the Court on those matters might facilitate the conduct of the trial or ongoing settlement negotiations.

2. Participation at the Final Pretrial Conference is mandatory. At least one attorney of record for each party (or, in the case of a pro se party, the party himself or herself) must be physically present at the conference, unless alternative arrangements are made and approved by the Court in advance. Additional counsel may attend, but are not required to do so unless otherwise ordered in a particular case.

3. Counsel shall confer and engage in meaningful settlement discussions within 30 days prior to the Final Pretrial Conference. Merely making a single settlement demand or offer, with no further discussions between the parties, is not sufficient. At the Final Pretrial Conference, counsel must be prepared to discuss with the Court the status of those settlement negotiations, and whether any method of Alternative Dispute Resolution may be beneficial to resolving the action before trial.

4. The Joint Pretrial Document shall contain each of the following:

>   A. Jurisdiction and Parties. A statement as to (1) the Court's jurisdiction over the subject matter and parties, (2) the propriety of parties, including correctness of identity of legal entities (*e.g.*, partnership, corporation, or individual d/b/a trade

name), and (3) the necessity of appointment of guardian ad litem or other representative, and validity of appointment if already made.

B. <u>Statement of the Case.</u>  A <u>brief</u> statement of the action (no more than one page), providing a broad overview of the basic facts and nature of the dispute. The Court will read this statement to the venire during jury selection to qualify prospective jurors as to the events giving rise to the lawsuit; therefore, it should be written so as to be understandable by a typical juror.

C. <u>Triable Claims and Affirmative Defenses.</u>  For each claim or affirmative defense asserted: (1) a listing of its legal elements derived from the pattern jury instructions or applicable and controlling case law; (2) a statement of the agreed facts specifically related to that claim or defense; and (3) a statement of the disputed facts specifically related to the claim or defense.[1]  Parties should not submit a legal memorandum, but should instead present a simple statement of the legal elements, with citations to supporting authority.

D. <u>Trial Time.</u>  An estimate of the number of trial days required, and a statement of the number of witnesses reasonably expected to testify on behalf of each party in its case in chief.

E. <u>Type of Trial.</u>  A statement indicating whether the action is a jury or non-jury action.  If a jury action, the parties should indicate whether the jury trial is applicable to all aspects of the dispute or only to certain issues, which shall be specified.

    (1) <u>Jury Size.</u>  In view of Fed.R.Civ.P. 48, which allows not fewer than six (6) and not more than twelve (12) jurors, the parties shall include a statement of their position with regard to the number of jurors they request be selected.  If the parties are unable to agree, the Court will cause a jury of eight (8) to be selected.

    (2) <u>Voir Dire Questions</u>.  Proposed voir dire questions and objections to questions shall be included in the Joint Pretrial Document.  Each party shall be limited to twenty (20) questions.  In preparing their lists, counsel may find it helpful to review this District Court's form juror questionnaire (which is available from the Clerk's Office upon request), so as not to ask questions that are redundant of those posed in that questionnaire.  Also, counsel need not include questions concerning whether prospective jurors know any of the parties, witnesses or lawyers in the case, or know anything about the case, as those questions will be asked by the Court

---

[1] It is not necessary for the parties to set forth every possible variation for every factual dispute involved in the case for fear that they may waive the presentation of some evidence at trial.  The Court is interested in a concise statement of the facts that are disputed and undisputed, specifically to the legal claims and defenses that are to be litigated.

during voir dire as a matter of course.  Lawyer voir dire will be permitted using court-approved questions from the lists submitted.

(3) <u>Jury Instructions and Special Verdict Form</u>.  No later than seven (7) calendar days prior to trial, the parties shall submit to chambers by e-mail[2] a jointly prepared set of <u>agreed</u> jury instructions.  This document should include a single, comprehensive, organized, jointly-approved set of jury instructions, rather than multiple variations of the same charge to which neither side objects.  For any instructions as to which the parties have been unable in good faith to agree, the parties may file separate instructions designated accordingly (*e.g.*, "Plaintiff's proposed jury instruction number _____").  It is anticipated that the incidence of instructions as to which the parties are unable to agree in good faith will be an infrequent occurrence in most cases.  If the parties desire to submit special interrogatories to the jury, a jointly prepared proposed verdict form must be submitted to chambers by e-mail contemporaneously with the proposed jury instructions.  If the parties cannot agree on the need for or form of the special verdict form, the parties may file separate proposed jury interrogatories designated accordingly.

F.  <u>Motions.</u>  A list and description of any motions (including motions in limine) pending or contemplated.  It is not sufficient for a party simply to state that it plans to file unspecified motions in limine.  The Court will set deadlines for filing and briefing motions in limine at the Final Pretrial Conference.  Because of the tight time frames involved, it is expected that counsel will have their motions in limine researched, drafted and in substantially final form by the time of the conference.  **All challenges to expert witnesses, including *Daubert* motions, must be filed not later than the deadline for filing dispositive motions.**

G.  <u>Depositions.</u>  A list designating by page and line those relevant portions of depositions which any party wishes read at trial, not including excerpts whose sole purpose is impeachment. All objections to any such testimony shall be made in writing and submitted with the Joint Pretrial Document.  **Failure to either designate portions of depositions to be read, or to object to the portions so designated, shall constitute a waiver of the right to present the testimony by deposition, or a waiver of any such objection.**

H.  <u>Witnesses.</u>  A list of the names and addresses of all witnesses who will or may testify at the trial.  Witness lists shall be kept to a reasonable minimum.  Additional witnesses may be added only in accordance with Fed.R.Civ.P. 16(e).  The parties shall attach to the Joint Pretrial Document a <u>curriculum vita</u> of each expert witness, and a brief statement of the opinion(s) which counsel expects to

---

[2] The e-mail address for sending a copy of proposed jury instructions is efile_granade@alsd.uscourts.gov.   This e-mail address is not to be used to communicate with the Court unless otherwise permitted or when communications are solicited by the Court.

elicit from such expert. Any objections to the designation of a witness (whether lay or expert) shall be submitted with the Joint Pretrial Document. **Failure to comply shall constitute a waiver of any such objection.**

I. <u>Damages.</u>  A list describing the amount and type of damages sought. Whenever possible, the parties shall stipulate to the amount and type of damages which a prevailing party shall be entitled to recover. If the parties are unable to agree, then the plaintiff shall state with specificity the amount and category of damages (*e.g.*, doctor and hospital bills $____; lost wages $____; pain and suffering $____; etc.). It is not sufficient simply to state that the plaintiff seeks compensatory damages in an amount to be determined at trial. The listing of stipulated damages shall not constitute an agreement as to the recoverability of same unless so stated.

J. <u>Exhibits.</u>  A list of all exhibits which are to be offered in evidence, submitted on this Court's exhibit form or a substantially similar form. Additional exhibits may be added only in accordance with Fed.R.Civ.P. 16(e). Each party shall furnish opposing counsel, for copying and inspection, all exhibits which are to be offered in evidence, no later than 14 days before the Final Pretrial Conference.

(1) **Objections.** Objections to exhibits shall be noted in the Joint Pretrial Document, setting forth the nature of the objection. **All exhibits to which there is no objection shall be deemed admitted.**

(2) **Marking Exhibits.** Markers obtained from the Clerk shall be attached to all exhibits, and such exhibits shall be delivered to the Clerk immediately prior to the commencement of trial.

K. <u>Attorneys.</u>  A list of all attorneys in any represented law frm, or an attached copy of the firm's letterhead.

5. Counsel are reminded that **the action is to be ready for trial at the time of the Final Pretrial Conference**. Submission of the Joint Pretrial Document should mark the conclusion, not the commencement, of the parties' trial preparations. Once adopted by the Court as part of the Pretrial Order, the Joint Pretrial Document shall constitute the final statement of the claims, affirmative defenses and relief at issue; shall govern the conduct of the trial; and shall constitute the basis for any relief afforded by the Court. The Pretrial Order may be amended at any time by the Court or on motion of a party only in accordance with Fed.R.Civ.P. 16(e).

6. Failure to comply with the provisions of this Order or to attend the Final Pretrial Conference may result in the following sanctions pursuant to Fed.R.Civ.P. 16(f): (a) dismissal of

the action for failure to prosecute, if such failure occurs on the part of the plaintiff; (b) entry of default judgment if such failure occurs on the part of the defendant, or (c) any other action as deemed appropriate by the Court.

**DONE** and **ORDERED** this 29th day of July, 2021.

                                      /s/Callie V. S. Granade
                                      SENIOR UNITED STATES DISTRICT JUDGE

**FOR THE PURPOSE OF PREPARING THE JOINT PRETRIAL
DOCUMENT, THE FOLLOWING FORMAT MUST BE USED**

_____

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
_____ DIVISION

STYLE OF ACTION
    (Do not use "*et al.*" -- list all remaining Plaintiffs and Defendants)

JOINT PRETRIAL DOCUMENT

A.

JURISDICTION AND PARTIES

    There is no contest as to the jurisdiction of this Court or as to the correctness of the named defendant(s) or the named plaintiff(s).

B.

STATEMENT OF THE CASE

    (See Paragraph 4.B. of Standing Order.)

C.

TRIABLE CLAIMS AND AFFIRMATIVE DEFENSES

    1. (Statement of first legal claim to be tried, *e.g.*, Title VII, Jones Act, negligence, breach of contract, etc.)

        a. LEGAL ELEMENTS (See Paragraph 4.C.1. of Standing Order).

      b. AGREED FACTS (as to this legal claim) (See Paragraph 4.C.2. of Standing Order).

      c. DISPUTED FACTS (as to this legal claim) (See Paragraph 4.C.3. of Standing Order).

2. (Statement of second legal claim to be tried)

    1. LEGAL ELEMENTS.
    2. AGREED FACTS.
    3. DISPUTED FACTS.

3. (Statement of first affirmative defense to be tried, *e.g.*, contributory negligence, statute of limitations, etc.)

    1. LEGAL ELEMENTS.
    2. AGREED FACTS.
    3. DISPUTED FACTS.

### D.

### TRIAL TIME

It is estimated that this action will take _____ days to try, exclusive of jury selection time. The plaintiff expects to call ____ witnesses, and the defendant expects to call _____ witnesses.

### E.

### TYPE OF TRIAL

JURY    NON-JURY

The parties request a jury of _____.
The parties' proposed voir dire questions (and objections) are attached.

F.

MOTIONS

(List and describe any pending or contemplated motions, as per Paragraph 4.F. of the Standing Order.)

G.

DEPOSITIONS

(List those portions of depositions to be used at trial.  State any objections.  See Paragraph 4.G. of the Standing Order.)

H.

WITNESSES

(List the name and address of each witness expected to testify at trial, including separate "will call" and "may call" lists for each party.  All expert witnesses listed should be identified as such, and the additional information required by Paragraph 4.H. of the Standing Order should be provided.  Objections to any witnesses, whether lay or expert, should also be set forth.)

I.

DAMAGES

(See Paragraph 4.I. of Standing Order.)

The parties agree that, if the plaintiff prevails as to liability, he/she is entitled to an award of lost wages in the amount of _____ and medical bills in the amount of _____.  Plaintiff also seeks an award for pain and suffering in the amount of _____; however, defendant disputes that plaintiff is entitled to this type and amount of damages even if plaintiff prevails as to liability.

J.

EXHIBITS

(List exhibits numerically with a brief description of each exhibit.  All exhibits shall be marked to correspond with the exhibit list.  See Paragraph 4.J. of the Standing Order.  Objections to any exhibits should also be set forth.)

K.

## ATTORNEYS

(List names of attorneys in any represented law firm or attach copy of the firm's letterhead.  <u>See</u> Paragraph 4.K. of the Standing Order.)

_____
Attorney for Plaintiff

_____
Attorney for Defendant