IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; CRYSTAL ARD; and MELISSA OWENS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: |
| v. | ) ) | 1:21-cv-00407-CG-MU |
| McDONALD OIL COMPANY, | ) ) ) ) | |
| Defendant | ) | |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed a lawsuit against McDonald Oil Company ("McDonald Oil" or "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Complaint, the Commission alleged that Defendant subjected Melissa Owens and Crystal Ard (hereinafter referred to as the "Charging Parties") and a class of three female employees (hereinafter referred to as the "Class Members"), to harassment based on sex. The Commission further alleged that Defendant failed to take prompt, remedial action despite repeated employee complaints.

The Charging Parties filed a separate action against Defendant in the Southern District of Alabama Civil Action No. 1:21-cv-0509-MU alleging Title VII and state law claims. This Court consolidated this action with Charging Parties' action. (Doc. 15). Charging Parties are individually represented by private attorneys. Through their individual private attorneys, Charging Parties and

Defendant have entered into a separate agreement regarding their individual claims.

Nothing stated in this Consent Decree constitutes nor shall be implied, interpreted or provide evidence as an admission of unlawful conduct under Title VII of the Civil Rights Act, nor shall it be construed as such.  Defendant denies all liability.

## RECITALS

1. In the interest of resolving this matter, and avoiding the expense of further litigation, the Commission and Defendant ("Parties") have agreed that this action shall be finally resolved by entry of this Consent Decree. The Parties agree that the terms of this Consent Decree are adequate, fair and reasonable.

2. The Parties do not object to the jurisdiction of this Court over the Parties and the subject matter of this lawsuit and agree to the power of this Court to approve this Consent Decree and enforce it as to the Parties.

3.  The Parties agree to entry of this Consent Decree without trial or further adjudication of the claims made by the Commission in this lawsuit, and waive their rights to a hearing, the entry of findings of fact and conclusions of law, and to a jury trial.

4. The Parties agree that this Consent Decree is final and binding upon McDonald Oil, and its agents, officers, all employees, servants, successors and assigns.

5. The Parties agree that, for the duration of this Decree, prior to the full or partial sale or transfer of McDonald Oil ownership rights or interests, McDonald Oil shall provide written notice of this Consent Decree and its contents to any potential purchaser or transferee. The Parties also agree that McDonald Oil shall send the Commission a copy of the written notice at the same time it sends the written notice to the purchaser or transferee.

6. The Parties agree that when this Consent Decree requires McDonald Oil to send documents, reports, information, and items to the Commission or the Regional Attorney of the Birmingham District Office, the documents, reports, information, and items shall be sent to the attention of Marsha Rucker, Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, marsha.rucker@eeoc.gov.

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) this Consent Decree is intended to and does resolve all matters in controversy in this lawsuit among the Parties, and (iii) the terms of this Consent Decree constitute a fair and equitable settlement of all issues between the Parties in this lawsuit.  This Consent Decree, being entered with the consent of the Parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant that it violated Title VII or the Civil Rights Act of 1991.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Consent Decree is entered into by the Commission and McDonald Oil.

2. This Consent Decree shall be final and binding between the Commission and McDonald Oil.

3. This Consent Decree shall resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 1:21-cv-00407-CG-MU.

4. This Consent Decree shall be filed in the United States District Court for the Southern District of Alabama, Mobile Division, and shall be in effect, and continue to be in effect, for a period of three (3) years from the date of entry of this Consent Decree by the Court.

5.  Any modification of this Consent Decree by any Party shall be made by motion to the Court.

6.  The Court shall retain jurisdiction over this case to enforce the terms of the Consent Decree.

7.  Defendant shall not permit a work environment that includes harassment or other discrimination against employees on the basis of sex.

8.  Defendant shall not retaliate against any employee who reports or otherwise opposes conduct reasonably believed to violate Title VII.

9.  Defendant and its supervisors, managers, officers, directors and successors shall promptly investigate reports of sexual harassment or discrimination and respond appropriately in instances where findings of harassment or discrimination are made.

10. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of McDonald Oil under Title VII.

11. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC or against McDonald Oil.

12. McDonald Oil, including its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, is permanently enjoined for the duration of this Consent Decree from the following:

    A. Discriminating against an employee on the basis of sex in terms and conditions of employment, and/or creating, facilitating or permitting the existence of a hostile work environment on the basis of sex.

    B. Retaliating against an employee who reports sex discrimination or harassment.

C.  Retaliating against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## **MONETARY RELIEF**

13.  Defendant shall pay monetary relief in the total gross amount of FOUR HUNDRED THOUSAND DOLLARS ($400,000) for alleged compensatory damages (there being no claims for backpay and no backpay owed), apportioned as described below to the Charging Parties and the Class Members.

14.  Defendant shall pay Charging Party Crystal Ard the total gross amount of ONE HUNDRED-FIFTY THOUSAND DOLLARS ($150,000) in accordance with the terms of this consent decree. Defendant and Ard will separately execute a settlement agreement to resolve Ard's state law claims

15.  Defendant shall pay Charging Party Melissa Owens the total gross amount of ONE HUNDRED-FIFTY THOUSAND DOLLARS ($150,000) in accordance with the terms of this consent decree. Defendant and Owens will separately execute a settlement agreement to resolve Owens's state law claims.

16.  Within thirty (30) calendar days of the effective date of this Decree, payment in full for each of the Charging Parties shall be made by separate checks. Ms. Ard's check shall be payable to The Leach Firm in trust for Crystal Ard, delivered to her Counsel, Adeash Lakraj, 631 S. Orlando Ave, Suite 300, Winter Park, Florida 32789. Ms. Owens's check will be paid directly to her bankruptcy trustee. The Defendant shall tender a check on

behalf of Ms. Owens in the full amount of $150,000.00 to "Terrie S. Owens, Trustee," delivered to Terrie S. Owens, at P. O. Box 2536, Daphne, Alabama, 36526, upon approval of the United States Bankruptcy Court, S.D. Ala., Southern Division.

17.     Concurrently, copies of the checks and related correspondence must be submitted to the Commission electronically to marsha.rucker@eeoc.gov and physically to the attention of Regional Attorney, Marsha Rucker, 1130 22nd St. South, Suite 2000, Birmingham, AL 35205.

18.     Defendant shall pay the total gross amount of ONE HUNDRED THOUSAND DOLLARS ($100,000) to the Class Members. The Commission shall, in its sole discretion, determine the portion of this amount to be paid to each Class Member.

19.     Within thirty (30) calendar days of the effective date of this Decree, the Commission will provide to Defendant a Distribution List identifying the amount to be paid to each Class Member and the mailing address for each Class Member.

20.     Within thirty (30) calendar days of the Commission's provision of the Distribution List, Defendant shall send by Federal Express to each Class Member's mailing address a check made payable to the Class Member in the amount the Class Member is due under this Decree. Concurrently, copies of the checks and related correspondence must be submitted to the Commission electronically to marsha.rucker@eeoc.gov and physically to the attention of Regional Attorney, Marsha Rucker, 1130 22nd St. South, Suite 2000, Birmingham, AL 35205. Defendant will promptly notify the Commission in the event any mailing to any Class Member is returned to Defendant as undeliverable.

21.     Defendant will timely issue each Charging Party and Class Member an IRS Form 1099 for the amount they are paid pursuant to this Decree. Each Charging Party and Class Member is solely responsible for any tax consequences regarding the amount paid to them under this Decree.

22.     These amounts payable pursuant to paragraphs 13-17 above shall be paid in full settlement of the claims against Defendant that were the basis of the EEOC Charges filed by Melissa Owens (charge number 425-2020-01332) and Crystal Ard (charge number 425-2020-01333), and the EEOC's Complaint, case number 1:21-cv-0407-CG-MU in the Southern District of Alabama and constitute full settlement of all claims made by the Commission in its Complaint on behalf of Charging Parties and the Class Members.

**GENERAL INJUNCTIVE RELIEF**

23.     Within ninety (90) days of the approval and signing of the Consent Decree by the Court and its entry onto the case docket in this lawsuit, Defendant shall review its policies against discrimination, sex harassment and retaliation and revise them, if necessary, so that such policies include, at a minimum, the following:

(a)     A statement expressing Defendant's strong and clear commitment to a workplace that complies with Title VII, and is free of unlawful discrimination and retaliation

(b)     A statement expressing Defendant's strong and clear commitment to preventing a hostile work environment based on sex, regardless of whether harassment is perpetrated by Defendant's employees or customers;

(c)      A statement encouraging employees who believe they have been harassed, discriminated or retaliated against, or who believe they have witnessed discrimination, harassment or retaliation, to report it;

(d)      A requirement that persons who complain about discrimination, harassment or retaliation shall not be retaliated against, and that Defendant will take disciplinary and corrective action against any employee, supervisor, manager or officer who engages in retaliation or, if a supervisor, manager or officer, condones discrimination or retaliation, or fails to address either in conformity with the law and these policies and procedures;

(e)      A requirement that the identity of employees who complain about, report or are witnesses to discrimination, harassment or retaliation, or witnesses in investigations of discrimination, harassment or retaliation, shall be protected to the extent reasonably possible;

(f)      A statement that provides an assurance of non-retaliation for persons who believe they have been subjected to discrimination, harassment or retaliation, and for persons who otherwise oppose activity unlawful under Title VII, or reasonably believed to be unlawful, or who participate in any form or fashion, including providing statements, assistance or information related to the complaint, allegations or report of discrimination, harassment or retaliation;

(g)      Clear definitions of sex harassment and retaliation, with examples where appropriate;

(h)  Conveniently accessible, confidential and reliable mechanisms for reporting incidents of discrimination, harassment and retaliation;

(i)        Designation of at least two  individuals as investigative officers to receive and investigate reports of harassment, discrimination or retaliation whether perpetrated by employees or customers;

(j)        A requirement that each investigative officer receive at least four (4) hours of training on identifying and investigating discrimination, harassment and retaliation;

(k)        A statement that employees may raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, prohibited by Title VII and the policies and procedures generated by this Consent Decree;

(l)        A statement that reports of discrimination, harassment and retaliation can be made to any supervisory or managerial employee and to any member of Defendant's human resources staff who shall convey the reports to the individuals described in paragraph 22 (i) above for investigation;

(m)       A statement that reports of discrimination, harassment and retaliation may be made orally or in writing and can be made anonymously;

(n)        Broad dissemination of the telephone numbers, mailing and email address of supervisory or management staff to whom reports of discrimination, harassment and retaliation may be made;

(o)        A requirement that any supervisory or managerial employee who observes or otherwise obtains information regarding discrimination, harassment and retaliation report such information immediately to any individual identified in paragraph 22 (i) above;

9

(p)      A statement that requires Defendant, its officers, directors, managers, supervisors, recruiters, and human resource personnel be trained on the requirements of Title VII and the policies and procedures generated by this Consent Decree;

(q)      A statement that describes in detail the consequences, up to and including termination, that shall be imposed upon violators of Title VII and the policies and procedures generated by this Consent Decree;

(r)      A statement that provides assurances that Defendant shall investigate all allegations of discrimination or retaliation promptly, fairly, reasonably, effectively, expeditiously and as confidentially as possible under the circumstances by appropriate investigators and that appropriate corrective action, if necessary and appropriate follow-up shall be taken by Defendant to make victims whole and to eradicate any discerned discrimination, harassment or retaliation;

(s)      A statement that requires Defendant to thoroughly review these policies and procedures with all employees as part of their employee orientations and scheduled trainings at all of its facilities and locations;

(t)      A statement that requires and provides a system for ensuring the dissemination of Defendant's Title VII discrimination policies, this Consent Decree, and the policies and procedures generated by this Consent Decree, to all Defendant's employees; and

(u)      A requirement that each discrimination and retaliation investigation be kept confidential, to the degree it can be done.

(v)      A requirement that any employee complaints of sex harassment by a customer or employee shall be documented on an Incident Report by a manager, reported to any individual identified in paragraph 22 (i) above, and maintained throughout the term of this Consent Decree.

(x)      A requirement that any employee contact with local law enforcement regarding sex harassment by a customer shall be documented on an Incident Report by a manager, reported to any individual identified in paragraph 22 (i) above, and maintained throughout the term of this Consent Decree.

23.     A copy of the policies and procedures provided for in this section shall be posted in prominent locations frequented by employees and be distributed to all employees within ninety (90) days of the date this Consent Decree is approved and signed by the Court and entered in the case docket in this lawsuit.  A copy of these policies and procedures shall be provided to each new employee within five (5) days of his or her hire with Defendant.

24.     Defendant shall mail a copy of all policies and procedures created pursuant to this Consent Decree to the EEOC Birmingham District Office, Regional Attorney 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, within ten (10) days of their issuance.

### ANNUAL TRAINING FOR MANAGERS, SUPERVISORS AND EMPLOYEES

25.     During the term of the Consent Decree, Defendant shall, once per year, provide one-hour training for employees at each of its locations on employment discrimination, hostile work environment and retaliation to all non-supervisory employees. The training may be live or by video. The initial annual training will be scheduled and conducted within ninety (90) days of the entry of this Consent Decree. Defendant shall submit to the EEOC an agenda for the EEO training program for all non-supervisory employees.

26.     The annual non-supervisory employee training shall include the following topics:

    a.   An explanation of Title VII and the Defendant's policies regarding discrimination, harassment and retaliation;

    b.   All aspects of Title VII including, but not limited to, discrimination and harassment based on sex, the legal requirements of Title VII, including examples of sex discrimination and harassment, and the retaliation provisions of Title VII;

    c.   The importance of maintaining an environment free from discrimination, harassment and retaliation;

    d.   The protections against retaliation for reporting, opposing or participating in activity related to the opposition of discrimination, harassment or retaliation;

    e.   The types of disciplinary actions that shall be taken against any employee who engages in discrimination, harassment or retaliation;

    f.   Practical examples aimed at the prevention of discrimination, harassment and retaliation; and

    g.   Avenues available to employees of McDonald Oil to submit internal complaints of discrimination, harassment and/or retaliation to the designated individuals.

27.     During the term of this Consent Decree, all supervisory and management-level employees shall attend a two (2) hour training once per year. The training may be live or by video. The initial annual training will be scheduled and conducted within ninety (90) days of the entry of this Consent Decree. With regard to management and supervisor employees, the training shall include the same topics as required for non-supervisory employees, and, in addition, shall instruct such

individuals on best practices for prevention of a sexually hostile work environment, responding to discrimination, harassment and retaliation complaints, and will describe how effective investigation of such complaints are conducted and documented.  The training shall also address the Company's policies pertaining to confidentiality and anti-retaliation relative to employees who report or participate in an investigation or oppose discrimination and retaliation, and how to treat employees who report, witness, oppose or otherwise participate in an investigation or opposition of harassment and retaliation. The training shall also explain that the performance evaluation of directors, supervisors and managers shall consider, among other things, enforcement of Defendant's anti-harassment policies.

28.     All training shall conclude with a minimum of ten (10) minutes for questions and answers.

29.     Live training and education for employees may be videotaped for review by non-supervisory employees and  supervisory and management-level employees who are employed at the time of the training but unable to attend live training.

30.     This training, either live or by videotape, shall be provided to all new or rehired employees within three (3) months of their initial employment or rehire.

31.     McDonald Oil shall generate a registry containing signatures of all persons attending the trainings described above. All non-supervisory employees, management and supervisory personnel attending the trainings shall be instructed to sign the registry when they attend the entire training session. McDonald Oil shall retain the registry for the duration of the Consent Decree.

32.     The training shall be delivered in accordance with training materials provided to the EEOC at least one week prior to each training. All other training materials (pamphlets, brochures, agendas, videos), and the signed registry, shall be delivered to the EEOC Birmingham District

Office, to the attention of the Regional Attorney at the address set out above, within two weeks of the conclusion of each training session. Acceptance or review of these materials by the Commission shall not constitute approval of the said materials but may be retained for compliance purposes.

33.     The training shall be presented by trainers or educators with knowledge and expertise in the requirements of Title VII and the prevention of discrimination and retaliation.

## **OTHER RELIEF**

34.     In the event Defendant receives any request for information, whether verbal or written, from potential employers, prospective employers or third parties seeking references or information about any Charging Party or Class Member, Defendant shall inform such potential employer(s), prospective employer(s) or third parties that its policy and practice is to provide only the dates of an individual's employment and the position held by that individual. Notwithstanding the foregoing, nothing in this Consent Decree shall be construed as prohibiting McDonald Oil from responding to or otherwise complying with a lawful court order issued after McDonald Oil's communication to the subpoenaing party that the information or documents sought pursuant to the subpoena are, or may be, subject to this Consent Decree.

35.     Within ninety (90) days of the entry of this Consent Decree, Defendant's President, Tim Huff, shall issue a written statement to all employees confirming his commitment to a workplace free of discrimination or harassment based on sex, advising employees on how to report discrimination or harassment in the workplace, and encouraging employees to report harassing or discriminatory conduct without fear of retaliation. Defendant shall send a copy of this written

14

statement to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above, within two weeks of its issuance to its employees.

## POSTING OF NOTICE

36.     Within thirty (30) calendar days after entry of this Decree, McDonald Oil shall sign and post 8½-inch-by-11-inch sized copies of the notice attached as **Exhibit A** to this Consent Decree on all bulletin boards usually used by Defendant at its facilities for announcements, and for notices of employment policy or practice changes to employees, during the term of this Consent Decree.

## SUCCESSOR NOTIFICATION

37.     For the duration of this Decree, Defendant shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires Defendant and any other corporation or other entity into which Defendant may merge.

## DISPUTE RESOLUTION

38.     In the event that the Commission believes during the term of this Consent Decree that McDonald Oil has failed to comply with any provision(s) of the Consent Decree, the Commission shall notify McDonald Oil or its counsel of the alleged non-compliance and shall afford McDonald Oil thirty (30) calendar days thereafter to remedy the non-compliance or to satisfy the Commission the alleged non-compliance is not well founded.  If McDonald Oil has not remedied or otherwise addressed the alleged non-compliance to the Commission's satisfaction within thirty (30) calendar days, the Commission may apply to the Court for appropriate relief.

## ATTORNEYS' FEES

39.     The Parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## FORCE AND EFFECT

40.     The duration of this Consent Decree shall be three (3) years from its entry. For all purposes

in this Consent Decree, the date of entry is the date the Court enters it into the record with the

Judge's signature.

41.     The Court shall retain jurisdiction for the duration of the Consent Decree, during which the

Commission may petition this Court for compliance with this Consent Decree.  Should the Court

determine that Defendant has not complied with this Consent Decree, appropriate relief, including

extension of the Consent Decree for such period as may be necessary to remedy its non-

compliance, may be ordered.

42.     Absent extension, this Consent Decree shall expire by its own terms at the end of three (3)

years from the date of entry of this Consent Decree without further action by the Parties.

43.     The Parties agree to the entry of this Consent Decree subject to final approval by the Court.


     **DONE** and **ORDERED** this 25th day of January, 2023.


                    /s/ Callie V. S. Granade
                    SENIOR UNITED STATES DISTRICT JUDGE

16

**EXHIBIT A – NOTICE TO ALL EMPLOYEES**

This Notice is posted by agreement between McDonald Oil Company and the Equal Employment Opportunity Commission (EEOC). Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination against employees on the basis of race, color, religion, national origin, or sex. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Title VII prohibits discrimination against applicants or employees because of their sex or race, in all employment practices, including hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment.

It is illegal to harass an employee because of race, color, religion, sex (including gender identity, sexual orientation, and pregnancy), national origin, age (40 or older), disability or genetic information. It is also illegal to harass someone because they have complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Harassment can take the form of slurs, graffiti, offensive or derogatory comments, or other verbal or physical conduct. Sexual harassment (including unwelcome sexual advances, requests for sexual favors, sending sexual text messages and other conduct of a sexual nature) is also unlawful. The harasser can be the victim's supervisor, a supervisor in another store, a co-worker, or someone who is not an employee of the employer, such as a vendor or customer.

If you believe you have been discriminated against, subjected to retaliation, or have been a witness to discrimination or retaliation, you may contact the EEOC at (800) 669-4000 or (251) 690-2590. The EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for three years from _____ and must not be altered, defaced or covered, by any other material. Any questions about this Notice or compliance with its terms may be directed to: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130 22nd Street South, Birmingham, Alabama 35205.

17